FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 23, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARCUS KIMM,<br><br>    Plaintiff,<br><br>    v.<br><br>AEROTEK, INC., a Maryland corporation,<br><br>    Defendant. | NO. 2:17-cv-00221-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 41. A hearing on the motion was held on October 17, 2018, in Spokane, Washington. Plaintiff was represented by Matthew Z. Crotty. Defendant was represented by Kellie A. Tabor.

**Introduction**

Plaintiff is a member of the Washington Air National Guard, who has been on numerous tours of duty in Afghanistan and the Middle East. Defendant Aerotek, Inc. is a recruiting firm. Defendant contacted Plaintiff to see if he wanted to work for Transtector, a local company. Transtector had a position open for Lead RF-Technician. Plaintiff maintains that when Defendant learned of his impending combat deployment with the National Guard he was screened out of the applicant pool for the Transtector job.

Plaintiff brought suit against Defendant under the Uniformed Services

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Employment and Reemployment Rights Act of 1994 (USERRA), alleging discrimination in violation of 38 U.S.C. § 4311(c)(1), and veterans discrimination, in violation of the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.030, 49.60.180 & 49.60.200 (WLAD). Plaintiff is seeking liquidated damages, alleging that Defendant knew or showed reckless disregard for whether its conduct was prohibited under the USERRA. He is also seeking attorneys' fees and expert costs, pursuant to 38 U.S.C. § 43.23, and the WLAD.

Defendant now moves for summary judgment.

### Motion Standard

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson*, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. *Id.* at 256-57. The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Celotex*, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out an absence of evidence supporting the non-moving party's case. *Id.* The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 256.

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court construes the

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## Background Facts

The following facts are set forth in the light most favorable to Plaintiff, the non-moving party.

Lindsey Lee, an employee for Defendant, reached out to Plaintiff by email on March 31, 2017, at 10:50 a.m.:

> Hello Marcus,
> My name is Lindsey Lee and I work for Aerotek here in Spokane. The reason for my email is that I came across your information in our system and am interested in some of your skill sets/experience you have. Not sure if you are currently working, but I would be interested in speaking to you more about our current openings we have. If you are not currently looking for work, please still reach out to me as I could be a resource for you in the future.
> Thank you!
> Lindsey

Ms. Lee also called Plaintiff, leaving him a voicemail letting him know she was reaching out to him about a possible position. Plaintiff returned the call a few minutes later and spoke to Ms. Lee. Ms. Lee reiterated that she had reviewed Plaintiff's resume and the skills he listed appeared to match the RF Tech position for which Aerotek as recruiting. Plaintiff indicated he was not interested in the position as he was only looking for temporary work. He then emailed her back shortly after the telephone conversation:

> Good afternoon,
> After our conversation earlier, I would like to reconsider the offer and apply for the position you were offering. I would like to be considered as you wouldn't have contacted me if I didn't have the skills and would be a good fit.

Ms. Lee set up an interview for Monday, April 3. She met with Plaintiff for about 30 minutes. After they spoke about the job description and responsibilities,

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

Plaintiff informed Ms. Lee that he was scheduled for a military deployment in a few months. After he did that, the interview slowed down and ended. Ms. Lee's demeanor changed from "bubbly" and "excited to . . . go over the position" to being "withdrawn" and not as "interactive" once he mentioned his upcoming military deployment.

After the interview ended, Ms. Lee marked "Y" for yes to allow Plaintiff to proceed through the hiring process. At 4:33 p.m., Ms. Lee emailed Plaintiff about his deployment:

> Hello Marcus,
> I just remembered that when we last spoke you said you had an appointment that began in June? Is that still accurate?
> Thank you
> Lindsey

At 4:42 p.m., Plaintiff responded:

> A deployment mid-July.

At 4:44 p.m., Ms. Lee replied:

> Ok. This position would be longer term, hoping for someone to stick around fulltime.

At 4:47 p.m., Plaintiff responded;

> I would come back as soon as I come back from the deployment. I am looking for a full time career, not something temporary.

At 4:50 p.m., Ms. Lee replied:

> How long do you anticipate the deployment being? I will get your resume over to them tomorrow.

At 4:56 p.m., Plaintiff responded:

> My orders go until February, but it is only a 6 month deployment and they said we would likely get back mid-late January.

The next day, April 4, at 11:53 a.m., Ms. Lee wrote:

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

> Ok. They are hoping for a candidate that would be there to fulfill the whole 6 month contract to hire. I will keep you in mind for other opportunities that may be before you leave. But, please get in contact when you get back, so we can discuss options then.
> Thank you,
> Lindsey

Shortly thereafter, at 12:05 p.m., Plaintiff wrote back:

> Am I not being considered because of the deployment in July?

After receiving that email, Ms. Lee indicates that she tried calling Plaintiff several times, with no luck. She left a voicemail and also sent an email at 12:41 p.m.:

> Give me a call when you can so we can discuss.
> I just left you a voicemail.

Plaintiff then wrote back at 1:42 p.m.:

> I tried calling, but I got the voicemail. I didn't leave one. Email should be fine since I can get back to you faster. I'm not always busy, but am currently in the middle of something.
> If I didn't have the deployment, would I still be considered? Like, if I could work something out to deploy later in the year (I don't know if it's an option), could I still be considered? I'm looking for a career that I can come back to so I can support my family. I know I'd be a good fit for this position.

It does not appear that Plaintiff and Ms. Lee had any further communications, except at 4:56 p.m., Ms. Lee emailed Plaintiff:

> If you can please send those references tonight, I will call them tomorrow & submit your resume!

Plaintiff quickly responded and provided the two references. Ms. Lee acknowledge receipt of the email. She told him she would call the references, although she never did. Plaintiff was never told that if he failed

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

to supply his references to Aerotek by a date certain, he would forfeit his opportunity to compete for the RF Technician position.

On April 4 in the afternoon, Ms. Lee interviewed Harlan Kamm for the RF tech position. Following up on the interview, Ms. Lee sent Mr. Kamm an email:

> Can you please send over 2 professional references? I am working on updating your resume and sending it here soon."

Ms. Lee began the reference checks for Mr. Kamm after Mr. Kamm provided her with the references.[1]

At 4:23 p.m., Ms. Lee sent the following email to Philip MacArthur, who is her boss and who would make the ultimate recommendation to Transtector:

> Harlan has over 12 years of R & D Technician/Sustaining Test Engineer experience with Itron. While there he performed various tasks, i.e. troubleshooting and fixing issues down to the component level, testing & validating circuit boards using test equipment, helped develop new and existing products and soldering. Harlan gained a lot of experience in RF technician duties at Itron. Prior to that, he worked at Itronix where he assembled and repaired computers & laptops. Harlan is interested in getting back into the RF Technician field and gain a position at Transtector. He prefers swing shift, but is very open to any other shift that is available. He has open availability for an interview.

Mr. MacArthur sent Transtector an email regarding Mr. Kamm at 4:32 p.m. Transtector accepted the application on April 5 and Mr. Kamm entered into an employment contract with Defendant that same day, which he electronically signed around 5:43 p.m.

---

[1] The parties disagree about the significance of Defendant's notations, which indicate that Ms. Lee completed a reference check on the 4th, and a second reference check on the 17th.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

An interview was set up with Transtector. On April 7, 2017, Ms. Lee sent an email to Mr. Kamm, giving him some pointers regarding the interview. Mr. Kamm reported back that the interview did not go as well as he expected and he wasn't sure he had the knowledge for the position. Regardless, Transtector indicated they would hire Mr. Kamm and he began working at Transtector.

**Analysis**

Plaintiff is asserting two claims: (1) Failure to Hire, Discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA); and (2) violation of the Washington Law Against Discrimination. He is also seeking liquidated damages under the USERRA.

Defendant argues summary judgment is appropriate on both these claims because (1) Plaintiff's deployment was not a motivating factor in Aerotek's decision not to hire him; and (2) even if Aerotek's decision not to hire Alaintiff was motivated by his deployment, Aerotek would have made the same decision in the absence of that deployment.

### A. USERRA Discrimination Claim

USERRA prohibits discrimination against persons because of their service in the uniformed services. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 900 (9th Cir. 2002) (citation omitted). "The purpose of USERRA is to encourage non-career military service, minimize disruption based on this service, and prevent discrimination against service members." 38 U.S.C. § 4301; *Vega-Colón v. Wyeth Pharm.*, 625 F.3d 22, 25 (9th Cir. 2010).

38 U.S.C. § 4311(b) provides:
(a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

A violation of USERRA occurs when a person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service. 38 U.S.C. § 4311(c)(1); *see also Leisek*, 278 F.3d at 900 (citation omitted). Thus, by its own terms, USERRA requires only that military status be a "motivating factor in the adverse employment decision. *Leisek*, 278 F.3d at 900.

### B. Washington Law Against Discrimination

The Washington Law Against Discrimination (WLAD) provides:
(1) The right to be free from discrimination because of race, creed, color, national origin, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right. This right shall include, but not be limited to: (a) The right to obtain and hold employment without discrimination.

Wash. Rev. Code § 49.60.030.

Disparate treatment occurs when an employer treats some people less favorably than others because of race, color, religion, sex, or other protected status. *Hegwine v. Longview Fibre Co.*, Inc., 162 Wash.2d 340, 354 n. 7 (2007).

### C. Application

Here, direct and circumstantial evidence exists for a reasonable jury to find that Plaintiff's upcoming deployment was a motivating factor in not furthering Plaintiff's employment with Transtector. While Defendant argues it would have made the same decision regardless, it is for the jury to decide whether that is true. As such, summary judgment is not appropriate.

Accordingly, **IT IS ORDERED:**

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

1. Defendant's Motion for Summary Judgment, ECF No. 41, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 23rd day of October 2018.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**